SALVADOR CAYÁ-DOMENECH, Plaintiff and Appellant, v.
FRANCISCO GALENO-CABÁN, Defendant and Appellee.

No. 3462.   Argued March 6, 1925.—Decided April 13, 1925.

1. DAMAGES—PHYSICAL INJURIES—MODIFICATION OF JUDGMENT. — In a collision
of automobiles the plaintiff's hip and knee were injured, causing him acute
physical and mental suffering. From the time of the accident to the time
of the trial 16 months later he did not enjoy good health and his weight
decreased from 130 to 108 pounds. His former earning capacity of an
average of $5 daily was reduced 50 per cent. *Held:* That the judgment
for $300 should be increased to $1,000, without costs.

District Court of Arecibo, Enrique Lloreda, J.   Judgment for the
plaintiff in an action for damages. *Modified and affirmed.*
*García Méndez & García Méndez* and *J. Valdejully* for the appellant.
*Herminio Miranda* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiff-appellant recovered in the lower court a
judgment for $300 as indemnity for certain injuries suffered
by him in a collision of the defendant's automobile with the
automobile which carried the plaintiff.

The plaintiff set up his claim in the following manner:
Physician's charges, $15; medicines, $18; loss of earnings
during 17 days at $5 a day, $85; expenses at Coamo Springs
for a month and loss of earnings, $400; physical and mental
suffering, $4,000; making a total of $4,518.

Therefore the only matter to be considered by this court
is the amount of damages that the plaintiff should recover.

[1] The trial court based its allowance of the amount
stated on the fact that the material or tangible damages
were not proved, with the exception of the item of $15 for
medical services, and this small sum probably guided it in
determining the physical and mental sufferings of the ap-
pellant as a result of the injuries. The testimony of the
physician who attended the appellant is, however, more
important. He testified that the plaintiff had a blow on the
left hip which sprained the hip joint and the left knee joint;
that he had to get up on various nights in order to admin-

ister injections of camphorated oil, and that once he gave him an injection of morphine to alleviate his acute suffering. Of course, the contusions suffered in the accident were not serious, but the witness also testified that the consequences might have been very serious, and although they were not, it is a fact that at the time of the trial some 16 months later the physician testified that the appellant had not enjoyed good health since the accident. This is an important fact in estimating the possible sufferings of the appellant.

, In connection with the extent to which the appellant's earning capacity was impaired his occupation must be considered. He had been a lawyer's clerk for more than 35 years and at the time of the accident he was engaged as an associate of attorney Buenaventura Esteves, who was riding in the same automobile. Esteves testified that the appellant was working in his office and received a percentage of the receipts. The appellant testified that he had been unable to work for about three weeks and that his earning capacity of an average of $5 a day had been reduced 50 per cent by the accident. He referred to the expenses incurred for medicines and the extraordinary expenses for food. Taking into account only the nature of these damages, perhaps the amount allowed by the court below would be adequate; but inasmuch as the physical and mental sufferings alleged by the appellant must be considered, that amount does not seem sufficient. The contusions were not really so serious as to disable the appellant permanently, or to cause the loss of any important member of his body, but in the case of a person of advanced age contusions apparently unimportant may impair his health permanently, as was the opinion of the physician in this case when 16 months after the accident he testified that the appellant had not enjoyed good health since it occurred. This of itself produces mental worry which probably had its ef-

fect on the weight of the appellant and reduced it from 130 to 108 pounds. In this connection, and with reference also to physical pain, the amount of recovery can not be determined specifically. It is not a matter for assessment as having an equivalent in money, but rather a matter of compensation for the injuries received as a result of the accident, estimated according to all of the attending circumstances. These we have considered, and the appellant should be allowed, in addition to the items claimed for material damages, a reasonable compensation for his physical and mental sufferings.

The judgment is modified so as to increase the appellant's recovery to $1,000, without costs, and as modified affirmed.